UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PAUL GILLAN                                       CIVIL ACTION

v.                                                12-2425

JERRY GOODWIN, WARDEN, ET AL.                     SECTION "F"

ORDER AND REASONS

Before the Court is petitioner's motion for relief from judgment. For the reasons that follow, the motion is GRANTED.

Background

Petitioner Paul Gillan is currently incarcerated in the David Wade Correctional Center in Homer, Louisiana. In 2001, Gillan was convicted of attempted purse snatching and adjudicated a third felony offender. He was sentenced to life in prison at hard labor.

Gillan appealed to the Louisiana Fourth Circuit Court of Appeals, which affirmed his conviction and sentence on December 19, 2001. Gillan did not seek review in the Louisiana Supreme Court, and his conviction became final on January 18, 2002.[1]

On October 15, 2002, Gillan filed an application for postconviction relief in the state trial court. He alleged that: (1) counsel was ineffective in failing to request a jury

---

[1] La. S. Ct. R. X § 5 (petitioner has 30 days from issuance of appellate court's opinion to mail or timely file a writ application in the Louisiana Supreme Court); see Butler v. Cain, 533 F.3d 314 (5th Cir. 2008)(appeal is final for AEDPA purposes when a state defendant does not timely proceed to the next available step in the state appeals process).

-1-

instruction on the statutory definition of theft and failing to have theft included as a responsive verdict; (2) counsel was ineffective in failing to object to certain evidence at the multiple offender hearing; and (3) counsel labored under a conflict of interest where he negotiated a plea agreement for Gillan's codefendant, Henry Harris, that would have been in exchange for Harris' testimony against Gillan.  On November 8, 2002, the trial court denied the application without stated reasons.  Gillan sought review before the Louisiana Fourth Circuit, which denied relief on January 23, 2003, and then before the Louisiana Supreme Court, which granted a writ in part and remanded the matter to the trial court for appointment of counsel and a hearing on the claim related to trial counsel's failure to request a jury charge on theft and a responsive verdict only.

On remand, the trial court appointed counsel, and on April 4, 2011, it finally held a hearing.  The trial court denied relief at the hearing, and then issued written reasons concluding that Gillan could not prove prejudice in accordance with <u>Strickland v. Washington</u>.  Gillan appealed first to the Louisiana Fourth Circuit, which denied his writ application on October 4, 2011, and then to the Louisiana Supreme Court, which denied relief on June 15, 2012.

On October 1, 2012, Gillan filed this federal habeas petition in which he asserts that: (1) he was denied his 6th Amendment right to counsel when trial counsel had a conflict of interest; and (2)

trial counsel was ineffective in failing to request the proper jury instruction.  On December 12, 2013, Magistrate Judge Roby issued a Report and Recommendation recommending that Gillan's petition be denied and dismissed with prejudice, and specifically advising Gillan that written objections must be filed within fourteen days to preserve the right to any further judicial review.  Twenty-one days later, on January 2, 2014, this Court adopted the Report and Recommendation and dismissed Gillan's petition with prejudice based on his failure to timely object.  However, on January 6, 2014, the Clerk of Court received objections from Gillan that were signed and dated December 30, 2013.  Gillan now moves for reconsideration of this Court's order adopting the Report and Recommendation and denying habeas relief, contending that his objections were timely filed.

## I. Discussion

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment and request reopening of his case under a limited set of circumstances.  While the decision to grant or withhold relief under Rule 60(b) lies within the sound discretion of the trial court, Helsing v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005), "the desirability of orderliness and predictability in the judicial process speaks for caution in reopening judgments." Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977).  Rule 60(b)(1) provides that the Court "may relieve a

party or its legal representative from a final judgment, order, or proceeding for the following reasons...mistake, inadvertence, surprise, or excusable neglect."  Although Gillan styles his request for relief as a motion pursuant to 60(b)(1) specifically, "filings of a federal habeas petitioner who is proceeding pro se are entitled to the benefit of liberal construction."  Hernandez v. Thaler, 630 F.3d 420, 426 (5th Cir. 2011).

Gillan asks that his case be reopened for the Court to consider his objections, which he asserts were timely filed within fourteen days after service of the magistrate's Report and Recommendation.  28 U.S.C. § 636(b)(1).  Gillan asserts that he did not receive the Report and Recommendation until December 16, 2013, and that he placed his objections in the hands of prison officials for mailing on December 30, 2013, exactly fourteen days later.  The Court will consider the merits of Gillan's objections to the Report and Recommendation.

Accordingly, the motion for relief from judgment is GRANTED.

New Orleans, Louisiana, April 14, 2014

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE